Balkin, J.,
concurs in part and dissents in part, and votes to reverse the orders of fact-finding and disposition insofar as appealed from, on the facts and in the exercise of discretion, and remit the matter to the Family Court, Kings County, for a new dispositional hearing, with the following memorandum: I agree with my colleagues that, on the record before us, the Family Court improvidently exercised its discretion in suspending judgment against the mother upon its finding of permanent neglect. Nonetheless, under the very unusual circumstances of this case, I would, upon affirming the finding of permanent neglect, remit the matter for a new dispositional hearing.
Once the Family Court determined that the children were permanently neglected, the sole issue for disposition was the children’s best interests (see Family Ct Act § 631; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429-430 [2012]; Matter of *830 Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Christiana M. N.-M. [Alfonso N.], 101 AD3d 884, 884 [2012]). Even though I agree with my colleagues that a suspended judgment was not the appropriate disposition when it was entered, we have received information that, during the pendancy of the appeal, circumstances, and the children’s best interests, may have changed. By virtue of the issuance of the suspended judgment, the agency has been constrained to change the permanency goal to reunification. Apparently, during this period, the mother fulfilled the terms of the suspended judgment, which required weekly random drug screening and negative results for all illicit substances, bimonthly visitation with the children via airplane tickets provided by the agency for the mother’s travel between New York and Florida, maintenance of regular phone contact with the children, and maintenance of stable housing and source of income. The period of the suspended judgment expired on May 21, 2014.
A year is a significant period of time, especially in the lives of very young children, and what was appropriate a year ago may not be appropriate now (see Matter of Michael B., 80 NY2d 299, 317-318 [1992]; cf. Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660-661 [2013]). In light of the very unusual circumstances of this case and the absence of record information concerning whether termination of this mother’s parental rights still is in the best interests of these children, I would remit for a new dispositional hearing (see Matter of Michael B., 80 NY2d at 317-318; Matter of Leval B. v Kiona E., 115 AD3d 665, 667 [2014]; Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660-661).
Accordingly, I respectfully dissent in part and would not terminate the mother’s parental rights without a new dispositional hearing.